UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION
Spottswood W. Robinson III and Robert R. Mehrige Jr.
Federal Courthouse, 701 East Broad Street
Richmond. Virginia 23219

**SHEILA K. HALL,**

          Plaintiff,

v.               Civil Action No. 3:21cv634

**MOVEMENT MORTGAGE LLC**
Please Serve:
Corporation Servicing Company
100 Shockoe Slip, 2d Floor
Richmond, Virginia 23219-4100
Registered Agent,

**SPECIALIZED LOAN SERVICING, LLC**
Please Serve:
United Agent Group, Inc.
425 W. Washington Street, Suite 4
Suffolk, Virginia 23434-5320
Registered Agent,

          Defendants.

### COMPLAINT

Sheila K. Hall ("Hall"), by counsel, sets forth the following to the Court:

### I. Jurisdiction

1. This Court has jurisdiction as to this case under the provisions of 28 U.S.C. § 1331 and 15 U.S.C. 1692 et seq.

## II. Venue

2. Venue is proper in the Court because the registered agent for one of the defendants, Movement Mortgage LLC ("Movement Mortgage") is located in the City of Richmond, Virginia.

## III. Parties

3. Hall is a natural person who resides in the Commonwealth of Virginia. .

4. Movement Mortgage is a for-profit corporation doing business in the Commonwealth of Virginia.

5. Specialized Loan Servicing LLC ("Specialized Loan Servicing") is a for-profit limited liability company doing business in the Commonwealth of Virginia.

## IV. Facts

*Facts Applicable to All Counts*

6. Hall owns her home ("the home") located at 12178 Jersey Road, King George, Virginia 22485.

7. Hall entered into a mortgage loan ("the loan") on March 24, 2017 in which she was the borrower and Movement Mortgage was the lender. The loan was evidenced by a note ("the note") for $388,800, secured by a deed of trust ("the deed of trust") which was recorded in the public land records of King George County, Virginia as a lien on the home.

8. On information and belief, Hall avers that on May 6, 2021, Movement Mortgage sold ownership of the note to a new noteholder.

9. In all of its actions after May 6, 2021, Movement Mortgage acted as a debt collector within the meaning of the federal Fair Debt Collection Practices Act, 15 U.S. C. Section

1692 et seq. ("the Fair Debt Collection Practices Act") because of the following:

A. The Fair Debt Collection Practices Act definnes a "*debt collector*" *inter alia*, as follows:

> ... any person who uses .... The mails in any business the principoal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts ... asserted to be owed or due another

B. On May 17, 2021, Movement Mortgage sent a letter to Hall which stated in pertinent part,

> "Movement Mortgage LLC ... acts on behalf of the new owner to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments to Movement Mortgage, LLC ... and NOT to the new owner. Payment sent to the new owner instead of the servicer may result in late charges on your loan and your account becoming past due. Neither the new owner nor Movement Mortgage, LLC ... is responsible for late charges or other consequences of any misdirected payment."

**Count One: Breach of the Fair Debt Collection Practices Act By Movement Mortgage; Seeking Actual Damages, Including for Emotional Distress; Statutory Damages and Attorney's Fees.**

10. Movement Mortgage sent a letter dated May 17, 2021 to Hall, copy of which acompanies this complaint as "Exhibit A."

11. In sending Exhibit A, Movement Mortgage breached the terms of 15 U.S. C. Section 1692 (e) stating, in pertinent part –

> A debt collector may not use any ... misleading representation... in connection with the collection of any debt...."

12. . The statutory language cited in paragraph 11 of this complaint meant that Movement Mortgage was prevented from any misleading representation in any letter to Hall.

13. Exhibit A was misleading for the following reasons:

    A.    It stated that it identified the "new owner" was identified in Exhibit A. However, nowhere in Exhibit was the new owner of the note identified.

    B.    It stated that the loan number for the loan was 3014010543. However, that was not the loan number for the loan.

14. The reason for the misleading aspect of Exhibit A recited in paragraph 13 (B) of this complaint was that Hall's loan was mixed up with a loan to a different borrower named Sheila S. Hall. The loan to Sheila S. Hall had the loan number of 3014010543.

15. On or about July 29, 2021, Hall called Movement Mortgage and, after being kept on hold for a long time, was connected with a supervisor of Movement Mortgage. Hall told the Movement Mortgage supervisor of the mix-up of the two Sheila Hall loans, the mix-up of Hall's loan with a loan obtained by Sheila S.Hall. The Movement Mortgage supevisor responded very rudely that no such mix-up had occurred and that Hall's issues should be taken up with Specialized Loan Servicing.

16. In the statement by the Movememt Mortgage supervisor recited in paragraph 15 of this complaint, Movement Mortgage breached the terms of the Fair Debt Collection Practices Act recited in paragraph 9 (A) of this complaint.

17. After the facts recited in paragraph 15 of this complaint, Movement Mortgage sent a letter to Hall dated July 30, 2021, copy of which is attached hereto marked "Exhibit B."

18. In sending Exhibit B, Movement Mortgage indirectly sought to acknowledge that earleir action by Movement Mortgage to make it appear it had transferred servicing of the loan to Specialized Loan Servicing had been a mistake. However, Exhibit B did not directly acknowledge such mistake, and therefore, Exhibit B was misleading. Exhibit B was also misleading because, *de facto*, Movement Mortgage had transferred servicing of the loan

prior to July 7, 2021. Evidence of such prior *de facto* transfer was (a) in a letter from Specialized Mortgage Servicing to Hall dated July 7, 2021, copy of which (with a note handwritten written by Hall) accompanies this complaihnt as "Exhibit C;" and (b) in a statement which Specialized Loan Servicing sent to Hall dated June 30, 2021, copy of which accompanies this complaint as "Exhibit D."

19. As a proximate result of Movement Mortgage's aforesaid said breaches of the Fair Debt Collection Practices Act, Hall sustained the following damages:

   A. She had to take off from work to seek to correct the aforesaid incorrect statements by Movement Mortgage, and, as a result, lost commission income she otherwise would have earned.

   B. She lost the interest on her losses recited in subparagraph (A) of this paragraph of this complaint.

   C. She sustained considerable distress, including but not limited to the following: (i) she lost sleep; (ii) she cried; (iii) she sustained fear; (iv) she sustained frustration; (v) she sustained difficulty at work; (vi) she had a sense of being subjected to injustice; (viii) she sustained stress; (ix) she lost the normal enjoyments of daily life.

20. As a proximate result of the said breaches recited herein above in this Count of this complaint, for an indeterminate time in the future, Hall will sustain the following damages:

   A. She will continue to sustain the loss of income on her damages recited in paragraph 19 (A) of this complaint.

   B. She will continue to sustain emotional distress.

21. As a result of the facts set forth herein above, Hall is entitled to entry of a judgment in her favor against Movement Mortgage for actual damages (including for emotional distress), statutory damages, and attorney's fees for the preparation and maintenance of this Count of this complaint.

**Count Two: Breach of the Fair Debt Collection Practices Act By Specialized Loan Servicing; Seeking Actual Damages, Including for Emotional Distress; Statutory Damages and Attorney's Fees.**

22. Hall re-avers the facts set forth in Count One of this complaint, except for the averment as to remedy.

23. Specialized Loan Servicing began acting as a debt collector at laest by July 1, 2021 when it sent Exhibit D.

24. Specialzied Loan Servicing acknowledged in Exhibit C that it acted as a debt collectior by the following language included in Exhibit C:

SPECIALIZED LOAN SERVICING LLC IS REQURIED BY FEDERAL LAW TO ADVISE YOU THAT THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

25. In all of its actions related to Hall, Specialized Loan Servic9ing acted as a debt collector under the terms of the Fair Debt Collection Practices Act.

26. In Exhibit D, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because Exhibit D stated a materially incorrect amount of loan principal and stated an incorrect amount of monthly payment due.

27. Specialized Loan Servicing sent a written notice to Hall dated July 19, 2021, copy of which accompanies this complaint as "Exhibit E."

28. In Exhibit E Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because Exhibit E stated that Hall was in

arrears for the payment due for July 2021, whereas, Hall had sent such July 2021 payment to movement mortgage, as instructed to do in Exhibit B.

29. On August 26, 2021, Specialized Loan Servicing sent a monthly payment notice to Hall, copy of which accompanies this complaint as "Exhibit F."

30. In Exhibit F, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because Exhibit F stated that Hall was $9,547.92 in arrears whereas Hall was current on the loan, having made her payments on time, including a proper payment for August 2021, which posted at Movement Mortgage on August 1, 2021, which she paid to Movement Mortgage in compliance with the instruction to pay Movement Mortgage until August 18, 2021 as stated in Exhibit B.

31. On August 27, 2021, Specialized Loan Servicing sent a letter to Hall, copy of which accompanies this complaint as "Exhibit G."

32. Exhibit G stated that Hall was in arrears as to the loan.

33. In Exhibit G, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because Exhibit G stated that Hall was delinquent on the loan, whereas, she was current on the loan, for the reasons set forth in paragraph 30 of this complaint.

34. On August 27, 2021, Specialized Loan Servicing also sent to Hall a letter titled "Notice of Default and Notice of Intent to Foreclose," copy of which accompanies this complaint as "Exhibit H."

35. In Exhibit H, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because (a) Exhibit H stated that Hall was

in arrears, whereas she was current on the loan as set forth in paragraph 30 of this complaint; (b) Exhibit H said that Hall faced acceleration of the loan and foreclosure if she did not pay $9,546.92 by September 29, 2021 which was incorrect because there were no factual grounds for acceleration of the loan or foreclosure on the home because Hall was current on the loan, for the reasons set forth in paragraph 30 of this complaint.

36. During the last week of August 2021, Hall attempted to make a payment to Specialized Loan Servicing of the September 2021 monthly payment on the loan, but Specialized Loan Servicing, through its website, refused to accept payment.

37. In refusing timely payment, as recited in paragraph 36 of this complaint, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (f) which prohibits unfair collection practices, because Specialized Loan Servicing prevented Hall from making timely payment to remain current on the loan, thereby subjecting her to a claim on the basis of default on the loan.

38. Hall then called Specialized Loan Servicing either on August 31, 2021 or September 1, 2021 and attempted to make the September 2021 payment. Hall stated she wanted to make the September 2021 payment on time. A represenative of Specialzied Loan Servicing told Hall that there was something wrong in the loan records and that if Hall made a payment it would make it more difficult for the mistake to be corrected.

39. In its statement recited in paragraph 38 of this complaint, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (f) because such statement was unfair in discouraging and effectively preventing Hall from making timely payment on the loan, thereby subjecting her to a claim on the basis of default on the loan.

40. On or about September 9, 2021, Hall called Specialized Loan Servicing *inter alia*, to attempt to learn how much her payment was and in a renewed attempt to make the September 2021 payment on the loan. She spoke to a representative of Specialized Loan Servicing who told her the payment was $1,855.59 and that Hall could make that payment through her on-line banking.

41. On the same date as that conversation, Hall made a payment of $1,855.50 to Specialized Loan Servicing through her on-line banking.

42. Specialized Loan Servicing returned that $1,855.50 payment by sending that amount to Hall's bank on September 16, 2021 on a claim that the payment of $1,855.50 was less than what was owed on the loan.

43. In its action recited in paragraph 42 of this complaint, Specialized Loan Servicing (a) breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because such action was misleading because Hall was, in fact, current on the loan: and (b) breached the terms of 15 U.S. C. Section 1692 (f) because the return of payment unfairly created a claim that Hall was in arrears as to the loan.

44. On September 11, 2021, an agent of Specialized Loan Services came to the vicinity of the home, at the direction of Specialized Loan Servicing and took pictures, stating in the presence of Hall's daughter, Anastasia Hall, 19 years old, that such agent was there in connection with what he indicated was a potential foreclosure. Anastasia Hall, a resident at the home, heard the word "foreclosure" and became very upset. Hall learned that her daughter had become very upset, and that upset Hall.

45. The said statement by an agent of Specialized Loan Servicing was incorrect, because no lender had any grounds to foreclose on the home because Hall was current on the loan.

46. As a result of such agent coming to the home, the lender has claimed that Hall owes an inspection fee that the lender claims has added to the amount owed by Hall on the loan.

47. The action by and on behalf of Specialized Loan Servicing recited in paragraph 44 of this complaint breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because such action was misleading because Hall was, in fact, current on the loan and there was no basis for foreclosure of the home. Such action was also in breach of 15 U.S. C. Section 1692 (f) because it was unfair to create a lender claim of an inspection fee on grounds of default as to the loan because Hall was not in default on the loan.

48. Hall applied for a refinance loan with PNC Mortgage Company and was preliminary approved for a refinance loan which would have reduced her annual interest rate from 4.375% to 2.375% annual interest rate.

49. Hall discovered an impediment to her obtaining such a refinance loan because – as a result of the mix-up of her mortgage loan with that of Sheila S. Hall, she was listed in credit records as having two mortgage loans, whereas Hall only had one mortgage loan.

50. On September 13, 2021 or September 14, 2021, Hall and a representative of PNC Mortgage Company and Specialized Loan Servicing engaged in a three-way conference call. During that call, PNC Mortgage sought from Specialized Loan Servicing information as to the amount of pay-off on the loan and whether Hall had ever been in arrears on the loan. During that call, Specialized Loan Servicing incorrectly stated that Hall had at one time made a payment that was 138 days late and incorrectly stated that that Hall was then due for the July 2021 payment. Specialized Loan Servicing's said statements were incorrect because (a) except for the refusal of Specialized Loan

Servicing to accept the September 2021 payment (which Hall timely tendered and was not allowed by Specialized Loan Servicing to make such timely payment) Hall had been current on the loan at all times; (b) she had never been 138 days late in payment on the loan; and (c) she was not due for the July 2021 payment rather was current, having made the September 2021 payment on or about September 9, 2021 which Specialized Loan Servicing had not yet returned. At the time of the aforesaid three-way conversation, Hall was current on the loan.

51. In making the statements recited in paragraph 50 of this complaint, Specialized Loan Servicing breached the terms of 15 U.S. C. Section 1692 (e) as recited in paragraph 11 of this complaint because such statements were incorrect.

52. As a result of the facts recited in paragraph 50 of this complaint, Hall's application for a refinance loan with a lower interest rate was met with problems.

53. As a proximate result of Specialized Loan Servicing's breaches of 15 U.S. C. Section 1692 (e) and/or (f) as recited herein above, Hall sustained the following damages.

   (A) She lost commission income at her employment because of having to take time off from work to deal with the incorrect statements and unfair actions by Specialized Loan Servicing recited herein above in this Count of this complaint.

   (B) She effectively lost what would otherwise have been an early approval and consummation of a lower interest refinance loan, which resulted in loss of a lower cost for mortgage interest on her home and an opportunity for a missed payment on the basis of which Hall was going to repair the chimney on the home, which she was unable to do because she did not refinance; as a result, her home has substantially less value because of a defective chimney.

    (C) She was incorrectly charged for an inspection fee on grounds of being in arrears, although she was current on the loan.

    (D) She lost the interest on her damages recited in subparagraphs (A) (B) and (C) of this paragraph of this complaint.

    (E) She sustained very severe emotional distress, including but not limited to the following: (i) she lost sleep; (ii) she cried; (iii) she sustained fear; (iv) she sustained frustration; (v) she sustained difficulty at work; (vi) she had a sense of being subjected to injustice; (viii) she sustained stress; she was upset because her daughter was upset at an indication the home was subject to foreclosure (ix) she lost the normal enjoyments of daily life.

54. As a result of the facts set forth herein above, Hall is entitled to entry of a judgment in her favor against Specialized Loan Servicing for actual damages (including for emotional distress), statutory damages, and attorney's fees for the preparation and maintenance of this Count of this complaint.

## V. Call for Trial By Jury

55. 55. Hall calls for trial by jury.

## VI. Conclusion

Wherefore, Hall prays that the Court enter a judgment in her favor against Movement Mortgage and Specialized Loan Servicing, jointly and severally, for actual damages, compensatory damages, including for emotional distress, for statutory damages, and for attorney's fees.

Respectfully submitted,

**SHEILA K. HALL,**
By /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Sheila K. Hall*